Filed 6/23/14  P. v. Quinn CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075302 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F01075) |
| v. | |
| STEVEN MARK QUINN, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On February 12, 2013, defendant Steven Mark Quinn was found in possession of 0.11 grams of cocaine base during a parole search.  Defendant entered a plea of no contest to possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) and admitted a strike prior (2011 first degree burglary) (Pen. Code, §§ 667, subds. (b)-(i), 1170.12), in exchange for a stipulated 32-month state prison sentence.  The court sentenced defendant accordingly.

1

Defendant appeals.  The trial court granted defendant's request for a certificate of probable cause.  (Pen. Code, § 1237.5.)

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We find an error, however, in the calculation of custody credits.  Defendant had 269 actual days of custody.  Pursuant to Penal Code section 4019, subdivision (f), defendant is entitled to four days for every two days spent in custody, that is, 268 days of conduct credit (not 269 days) for a total of 537 days of presentence custody credit (not 538 days).  We will order the judgment modified accordingly.

We also find an error in preparation of the abstract of judgment.  Defendant was sentenced as a two-strike offender and there is a box (No. 4) to be checked to so reflect.  The abstract erroneously reflects that the strike prior is an enhancement (No. 3).  The "Three Strikes" law is not an enhancement but rather an alternative sentencing scheme.  (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 527; *People v. Sipe* (1995) 36 Cal.App.4th 468, 485-486.)  We will order the abstract corrected accordingly.

DISPOSITION

The judgment is modified to provide for 268 days of conduct credit for a total of 537 days of presentence custody credit.  The trial court is ordered to prepare an amended abstract of judgment accordingly, as well as correcting the abstract to check the box under number 4 to reflect that defendant was sentenced as a two-strike offender and to delete the reference to an enhancement under number 3 for the strike prior.  The trial

court shall forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


                                               _____NICHOLSON_____, J.


We concur:


        _____BLEASE_____, Acting P. J.


        _____MAURO_____, J.