Filed 10/14/14  P. v. Barnard CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C076116 |
| Plaintiff and Respondent, | (Super. Ct. No. 12NCR09545) |
| v. | |
| LAWRENCE LEE BARNARD, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

On July 20, 2012, officers executed a search warrant on the house belonging to defendant Lawrence Lee Barnard and found 28 unspent rounds of ammunition and an unspent 12-gauge shotgun shell.  In 1987, defendant was convicted of first degree burglary.

Defendant entered a negotiated plea of no contest to unlawful possession of ammunition (Pen. Code, § 30305, subd. (a)(1)) and admitted a strike prior (Pen. Code, §§ 667, subd. (b)-(i), 1170.12) in exchange for dismissal of the remaining counts.

1

The court sentenced defendant to state prison for six years, that is, the upper term of three years, doubled for the strike prior.

Defendant appeals. He did not obtain a certificate of probable cause. (Pen. Code, § 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

We note an error in judgment. Defendant entered his plea in exchange for dismissal of the remaining counts. The prosecutor never moved to dismiss and the trial court never dismissed the remaining counts. Since defendant entered his negotiated plea in exchange for dismissal of the remaining counts, he is entitled to his bargain. In the interests of judicial economy, we will order the remaining counts dismissed. Any party wishing to address this issue may petition for rehearing. (Gov. Code, § 68081.)

We also note errors in preparation of the abstract of judgment. At sentencing, the trial court imposed an $1,800 restitution fine and a parole revocation fine in the same amount and did not impose any other fine. The abstract as well as the sentencing minutes reflect the restitution/parole fines and, in addition, a fine in the amount of $200, which the probation report had recommended as well. The trial court did not follow the recommendation of the probation officer and impose the additional $200 fine. Because the abstract does not reflect the oral pronouncement of judgment, we will order the abstract corrected, deleting the $200 fine. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

The abstract reflects that defendant was sentenced as a two-strike offender, having checked the appropriate box on the form. But the abstract also lists defendant's strike

2

prior as an enhancement. The "Three Strikes" law "articulates an alternative sentencing scheme for the current offense rather than an enhancement." (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 527; *People v. Sipe* (1995) 36 Cal.App.4th 468, 485.) We will order the abstract corrected, deleting the strike prior as an enhancement and leaving the box checked to reflect that defendant was sentenced as a two-strike offender, and indicating the time imposed for count II is six years.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is modified, dismissing count I (possession of methamphetamine), count III (possession of drug paraphernalia, a misdemeanor), and count IV (falsification of a registration tab, a misdemeanor). The trial court is directed to prepare a corrected abstract of judgment, deleting the $200 fine and the reference to defendant's strike prior as an enhancement, to indicate the time imposed for count II is six years, and to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.


     NICHOLSON     , Acting P. J.


We concur:


     DUARTE     , J.


     HOCH     , J.