Filed 12/3/20  P. v. Villescas CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B306082 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A892288) |
| v. | |
| ALBERTO VILLESCAS, | |
| Defendant and Appellant. | |

THE COURT:

In October 1998, a jury convicted Alberto Villescas (defendant) of two counts of possession of a firearm by a felon (former Penal Code section 12021, subd. (a)).[1]  The trial court sentenced defendant to prison for 26 years to life.[2]  This was a

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     The sentence included one year for a prison prior (§ 667.5, subd. (b)).

"third strike" sentence under our state's Three Strikes Law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(j)).  Defendant's two prior "strike" convictions were based on his guilty plea in a single proceeding in July 1989 to committing violations of attempted murder (§§ 664, 187) and robbery (§ 211), for which he received a combined sentence of nine years in state prison.

On appeal, a prior panel of this division of the Court of Appeal affirmed the judgment. (*People v. Villescas* (May 2, 2000, B129758) [nonpub. opn.].)  Defendant's conviction became final in August 2000.

In February 2020, defendant petitioned the trial court (1) to declare his 1989 pleas as "void" under newly enacted section 1016.8, and (2) because this declaration would eliminate both of his prior "strikes," to vacate the third strike sentence imposed in *this* case.  The trial court summarily denied the motion on the grounds that section 1016.8 "does not apply" to defendant's case.

Defendant filed a timely notice of appeal.  We appointed appellate counsel for defendant.  Citing *People v. Serrano* (2012) 211 Cal.App.4th 496, counsel filed an opening brief setting out the procedural history of this case, and a declaration indicating that counsel had "reviewed the entire record," had found no "arguable issues to raise on appeal" and had informed defendant "of his right to file a supplemental brief."

We sent a letter to defendant advising him that he had 30 days to file a supplemental brief.  On October 27, 2020, defendant filed a supplemental brief in which he reiterates the argument he made in his petition to the superior court.

Pursuant to *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278, our obligation in reviewing this appeal of an order denying post-conviction relief is

to "evaluate [the] arguments presented" in the defendant's supplemental brief. (*Id.* at p. 1040.)

At bottom, defendant in his supplemental brief argues that his constitutional right to equal protection of the law was violated because "retroactive application of Penal Code [section] 1016.8 is proper and just." Although section 1016.8 applies retroactively to cases not yet final on appeal (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1153), defendant's judgment has been final since 2000. Nothing in section 1016.8 authorizes a collateral attack on a final judgment. By its terms, section 1016.8 prohibits the state from requiring a defendant, as a condition of a plea bargain, to "waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea . . . ." (§ 1016.8, subd. (b).) But the trial court imposing sentence in 1998 did not transgress this requirement because the Three Strikes Law is not a "future *benefit*" to defendants, and because the trial court's act of sentencing defendant under the Three Strikes Law in 1998 applied the law in effect at that time and thus did not retroactively apply any law (*People v. Sipe* (1995) 36 Cal.App.4th 468, 478-479).

The trial court's order is accordingly affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

ASHMANN-GERST, Acting P. J., CHAVEZ, J., HOFFSTADT, J.