Filed 5/16/16  P. v. Booker CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANDRE LEDON BOOKER,<br><br>Defendant and Appellant. | E064657<br><br>(Super.Ct.No. FVI023321)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Andre Ledon Booker, in pro. per.; and Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Andre Ledon Booker appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6,

1

2012)).[1]  A notice of appeal was filed on defendant's behalf on October 15, 2015.  We affirm.

PROCEDURAL BACKGROUND

On March 16, 2006, a jury found defendant guilty of second degree robbery (§ 211, count 1) and possession of a firearm by a felon (former § 12021, subd. (a)(1), count 4).[2]  The jury also found true the allegations that he had 14 prior strike convictions (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)) and four prior serious felony convictions (§ 667, subd. (a)(1)).  On May 16, 2006, the court denied defendant's motion to strike the prior convictions and sentenced him to 25 years to life on count 1, plus a consecutive five-year term for each of the four prior serious felony convictions.  It imposed a term of 25 years to life on count 4, but stayed that term under section 654.

"On November 6, 2012, the California electorate approved Proposition 36, otherwise known as the Three Strikes Reform Act of 2012 . . . which became effective the next day . . . [and which] enacted section 1170.126, establishing a procedure for an offender serving an indeterminate life sentence for a third strike conviction that is not

_____

[1]  All further statutory references will be to the Penal Code, unless otherwise noted.

[2]  "Former section 12021, subdivision (a)(1) was repealed as of January 1, 2012, but its provisions were reenacted without substantive change as section 29800, subdivision (a)(1). [Citation.]  Because defendant was convicted under the repealed statute, which was only renumbered without substantive change, we [will] refer to former section 12021 throughout this opinion for clarity and convenience.  For brevity, we will not use the word 'former' . . . ."  (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1027, fn. 3.)

defined as a serious and/or violent felony to file a petition for recall of sentence." (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 596-597.)

On September 21, 2015, defendant filed an in propria persona petition for recall of sentence under section 1170.126. Defendant argued that possession of a firearm by a felon (§ 12021, subd. (a)(1)) was not a violent or serious felony; thus, he should be resentenced on that count, pursuant to Proposition 36.[3] He also argued that he had good cause for filing his petition after the two-year deadline because he only recently discovered the holding in *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*), which was applicable to his case. The court denied the petition because it was untimely and because defendant was statutorily ineligible, since the record showed he was armed with a firearm during the commission of the offense.

On October 15, 2015, defendant filed a notice of appeal, challenging the court's finding that he was ineligible for resentencing under section 1170.126.

## ANALYSIS

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, and identifying the following potential arguable issues: (1) whether the trial court abused its discretion by implicitly finding that defendant failed to show good cause for failing to file his petition within two years of the effective date of Proposition 36;

---

[3] We note that defendant mistakenly referred to his conviction for a violation of section 12021, subdivision (a)(1), as count 2 in his petition.

3

(2) whether the trial court erred by considering the unpublished decision of this court in making the factual determination that defendant was armed with a firearm in the commission of count 4; (3) whether defendant was entitled to a jury trial on the question of whether he was armed with a firearm; (4) whether being armed in the commission of an offense requires a facilitative nexus between the arming and the commission of the offense; (5) whether there is a requirement of pleading and proof for petitions for retrospective relief under section 1170.126; (6) whether it is possible to be armed in the commission of the offense, within the meaning of section 667, subdivision (e)(2)(C)(iii), for the offense of possession of a firearm by a felon; and (7) whether a defendant is eligible for resentencing under section 1170.126 when the sentencing court stayed sentence on the potentially eligible count of conviction pursuant to section 654.

Defendant was offered an opportunity to file a personal supplemental brief, which he has done. In a handwritten supplemental brief, defendant claims: (1) he is entitled to a later filing date of 2015 on his Proposition 36 petition in light of the ruling in *Johnson*, *supra*, 61 Cal.4th 674; (2) the trial court abused its discretion when substituting the jury's verdict for its own when it determined that defendant was personally armed with a firearm in the commission of count 4; (3) his due process and equal protection rights will be violated if his sentence on count 4 is not reversed; (4) the trial court prejudicially erred in failing to apply Proposition 36 retroactively; (5) the three strikes law should not have been applied retroactively to convictions before its enactment in 1994; (6) applying the three strikes law retroactively before 1994 violated his due process and equal protection rights; (7) the trial court prejudicially breached his plea agreements concerning four of

4

his prior convictions when it sentenced him to 45 years to life; and (8) the trial court violated section 1170.1, subdivisions (a)-(g), when it sentenced him to both the five-year sentence enhancements under section 667, subdivision (a), and 25 years to life, for the same prior convictions.

First, the trial court properly denied defendant's Proposition 36 petition on the ground that it was untimely. Section 1170.126, subdivision (b), provides that "[a]ny person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, *within two years after the effective date of the act* that added this section or at a later date upon a showing of good cause . . . ." (Italics added.) The effective date of Proposition was November 7, 2012, and defendant filed his petition on September 21, 2015—almost three years later. Defendant contends that he had good cause for filing his petition late, since it was based on the holding in *Johnson, supra,* 61 Cal.4th 674. He asserts that he did not know he was entitled to be resentenced under Proposition 36 until the Supreme Court decided *Johnson*, which affirmed that the presence of a conviction of a serious or violent felony did not disqualify an inmate from resentencing with respect to a current offense that was neither serious nor violent. He claims that since the *Johnson* court did not conclude that resentencing was allowed in this situation until 2015, he was entitled to file his petition late. We disagree. *Johnson* affirmed the appellate court decisions in two

5

cases, and there is nothing in the Supreme Court's holding that permits an inmate to file a petition past the two-year statutory deadline. (*Johnson, supra,* 61 Cal.4th at p. 695.)

Furthermore, the trial court here properly denied defendant's Proposition 36 petition on the ground that he was disqualified from relief. An inmate is disqualified from resentencing if, "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§ 1170.12, subd. (c)(2)(C)(iii).) "'[A]rmed with a firearm,' has been statutorily defined and judicially construed to mean having a firearm available for use, either offensively or defensively." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029 (*Osuna*).) Defendant's current conviction was for violating section 12021, subdivision (a)(1), which "makes it a felony for a person previously convicted of a felony to own, purchase, receive, or have in his or her possession or under his or her custody or control, any firearm. . . . 'A defendant possesses a weapon when it is under his dominion and control. [Citation.]'" (*Ibid.*) Possessing a firearm is not necessarily the same as being "armed with a firearm," in light of the definition discussed *ante*. "A firearm can be under a person's dominion and control without it being available for use." (*Id.* at p. 1030.) The facts in the instant case support a finding that defendant had a firearm available for offensive or defensive use. According to the appellate opinion affirming the conviction, which we may properly consider (see *ibid.*), defendant was actually holding a handgun when he and his cohort were fleeing after robbing a woman. A police officer observed defendant run through a parking lot, stop briefly, and point the gun toward a truck in the parking lot. (See *People v. Booker* (Aug. 27, 2007, E040552) [nonpub.

6

opn.].)  Thus, defendant was "armed with a firearm" within the meaning of Proposition 36.  The court properly found that he was disqualified from resentencing.  (§ 1170.12, subd. (c)(2)(C)(iii).)

We note defendant's contention that the trial court abused its discretion when it determined he was armed with a firearm, since he was not charged with an "armed allegation" and the jury did not find him guilty of an armed allegation.  However, disqualification for resentencing under Proposition 36 does not require an enhancement to have been pled and proved.  (*Osuna*, *supra*, 225 Cal.App.4th at p. 1038.)  We further note that "disqualifying factors need not be proven to a jury beyond a reasonable doubt where eligibility for resentencing under section 1170.126 is concerned."  (*Ibid*., fn. omitted.)

Defendant also argues that his due process and equal protection rights will be violated if his sentence on count 4 is not reversed.  He contends that, as of November 2012, if a defendant was to be convicted of being a felon in possession of a firearm, he would not be sentenced to 25 years to life because the offense is not serious or violent; thus, since he is "similarly situated," why should he remain with a 25 year-to-life sentence?  He further claims that the trial court erred in failing to apply Proposition 36 retroactively.  However, defendant is not similarly situated to someone simply convicted of being a felon in possession of a firearm, and the court did not deny his petition because it refused to apply Proposition 36 retroactively.  Rather, as discussed *ante*, defendant was disqualified from relief under Proposition 36 because he was armed with a firearm during the commission of the offense.  (§ 1170.12, subd. (c)(2)(C)(iii).)

7

In a related argument, defendant contends that, if this court concludes that Proposition 36 should not have been applied retroactively, the three strikes law also should not have been applied retroactively to convictions before 1994. Therefore, he claims that all of his prior strikes should be vacated. We are not concluding that Proposition 36 should not have been applied retroactively. We are affirming that the trial court properly denied defendant's petition for the reasons stated. (See *ante.*)

Next, defendant argues that applying the three strikes law retroactively by counting his prior convictions that were committed before the three strikes law was enacted violated his due process and equal protection rights. In other words, he claims that using pre-March 7, 1994 prior convictions will result in retroactive application of the law. However, "[w]e disagree with his premise that using convictions prior to enactment of the 'three strikes' law results in a retroactive application. 'A statute is not retroactive in operation merely because it draws upon facts antecedent to its enactment for its operation.' [Citation.] 'In the context of habitual criminal statutes, "increased penalties for subsequent offenses are attributable to the defendant's status as a repeat offender and arise as an incident of the subsequent offense rather than constituting a penalty for the prior offense." [Citation.]'" (*People v. Sipe* (1995) 36 Cal.App.4th 468, 478-479 (*Sipe*).)

In addition, defendant contends that the trial court breached his plea agreements regarding his prior convictions in 1980, 1981, 1989, and 1990 when it sentenced him in the instant case under the three strikes law. He contends that the court violated his plea agreements because the three strikes law did not exist when he entered into them, and he was only informed that he would receive five-year serious felony enhancements. He

8

asserts that, had he known that the convictions would later be used as strikes, he would not have entered the plea agreements. He then makes the same argument with regard to the five-year serious felony conviction enhancements. (§ 667, subd. (a)(1).) Defendant's sentence in the instant case had nothing to do with the plea agreements he reached in his previous cases. In those cases, he reached agreements and was sentenced accordingly. Moreover, we note that "[f]uture use of a current conviction is not a direct consequence of that conviction." (*Sipe*, *supra*, 36 Cal.App.4th at p. 479.) Thus, no advisement that pleading guilty to a serious or violent felony could be used to enhance a later sentence was necessary. (*Ibid.*)

Finally, defendant argues that the trial court violated section 1170.1, subdivisions (a)-(g), when it sentenced him to five-year serious felony conviction enhancements (§ 667, subd. (a)) and 25 years to life under the three strikes law, based on the same prior convictions. However, section 1170.1 governs the calculation of consecutive terms upon conviction of two or more felonies. It sets forth the procedure by which consecutive terms are to be calculated, defining the "principal term," the "subordinate term," and the "aggregate term." (§ 1170.1, subd. (a); see *People v. Veasey* (1979) 98 Cal.App.3d 779, 788.) Plainly, section 1170.1 does not support defendant's claim.

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

9

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST

J.


We concur:


RAMIREZ

P. J.


MILLER

J.

10