Filed 7/7/16  P. v. Brown CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DWAYNE EARL BROWN,<br><br>    Defendant and Appellant. | C081029<br><br>(Super. Ct. No. CRF15367) |

Appointed counsel for defendant Dwayne Earl Brown asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Defendant entered the home of L.D. on July 3, 2015, took her purse, money, and electronic benefits card, and then fled.  He was caught nearby with the victim's electronic benefits card and cash in his pocket.  Defendant told officers it was a "dope deal gone bad."  He later admitted taking the victim's purse.

1

Defendant entered a negotiated plea of no contest to first degree burglary (Pen. Code, § 459)[1] and admitted a prior serious felony (a 1983 robbery with a firearm) for purposes of a five-year enhancement (§ 667, subd. (a)) and a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12) in exchange for dismissal of the remaining counts and a stipulated sentencing range:  a minimum of nine years and a maximum of 17 years in state prison.  It was understood defense counsel would file a request to dismiss the prior strike conviction (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*)) and the People would oppose it.

The trial court denied defendant's request to dismiss the prior strike conviction, noting that defendant had not led a crime-free life since his 1983 robbery conviction.  It then sentenced defendant to state prison for an aggregate term of 13 years, consisting of eight years for the burglary (the midterm of four years, doubled for the prior strike) plus five years for the prior serious felony conviction.  The trial court awarded 357 days of presentence credit and imposed various fines and fees.

Defendant did not obtain a certificate of probable cause.  (§ 1237.5.)

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a supplemental letter brief claiming (A) his 13-year sentence is too long for a burglary, (B) the three strikes law should not be retroactive and violates double jeopardy protections, and (C) the trial court erred in denying his *Romero* request,

---

[1] Undesignated statutory references are to the Penal Code.

incorrectly finding that he spent most of his life in prison. We address each of defendant's arguments in turn.

## A

Defendant first claims his 13-year sentence is too long for a burglary, focusing on the use of his prior conviction for which he has already "done time." He says he would not have entered a plea bargain in 1983 had he known it would "haunt" him in the future. We have reviewed the record and find no sentencing error.

## B

In addition, defendant contends the three strikes law should not be retroactive and violates double jeopardy protections. This court rejected those arguments many years ago in *People v. Sipe* (1995) 36 Cal.App.4th 468. " 'A statute is not retroactive in operation merely because it draws upon facts antecedent to its enactment for its operation.' [Citation.] 'In the context of habitual criminal statutes, "increased penalties for subsequent offenses are attributable to the defendant's status as a repeat offender and arise as an incident of the subsequent offense rather than constituting a penalty for the prior offense." ' " (*Id.* at pp. 478-479.) When defendant committed his current first degree burglary, the three strikes law had been the law for years. A "prior conviction does not have effect as a 'strike' unless and until the defendant commits a new felony." (*Id.* at p. 479.) Moreover, the three strikes law did not place defendant in double jeopardy. (*Id.* at p. 489.)

To the extent defendant contends the trial court made improper dual use of the prior conviction to double the base term and to impose a five-year enhancement, he is mistaken. Section 667, subdivisions (b) through (i) require the doubling of the base term. Unlike section 667, subdivision (a), it is an alternate sentencing scheme, not an enhancement. An enhancement pursuant to section 667, subdivision (a) cannot be dismissed. (§ 1385, subd. (b); *People v. Turner* (1998) 67 Cal.App.4th 1258, 1268-1269; *People v. Sipe, supra,* 36 Cal.App.4th at pp. 485-486.)

3

## C

Defendant also argues the trial court erred in denying his *Romero* request, incorrectly finding that he spent most of his life in prison.

In ruling on a *Romero* request, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

A trial court's dismissal of a prior strike conviction is a departure from the sentencing norm; thus, we review a trial court's ruling for abuse of discretion and will not reverse unless defendant shows the decision was "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) Where the trial court was unaware of its discretion to dismiss a prior strike conviction or refused to do so for impermissible reasons, reversal is warranted. (*Id*. at p. 378.) But where the trial court exercised its discretion and " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance' [citation]." (*Ibid*.)

Here, in denying defendant's *Romero* request, the trial court stated:

"I don't think the spirit of *Romero* encompassed this situation. When I first looked at this, I thought, okay, if he's lived a blameless life, you know, for the 26 years or so after that conviction, sure, but he hasn't. He has spent most of his life in custody. You know, 1983 is very old, but since that time, he has had consistent contact with the criminal justice system. He has not turned over a new leaf. The person who is before the Court today is just the same as the person in 1983. Had he been offense free from then until this date, then I probably would have granted it, but he hasn't been.

"*Romero* is for the situation where the interests of justice warrant that determination. And Defendant has significant criminal contact with the court system since then, and I'm not -- I'm ignoring the case that got reversed, but it seems about every year or other year I have an entry on this probation report of some sort of violation, new crime, parole violation, return to custody, probation violation, return to custody, parole violation. And on that last case where he went to prison out of Sacramento County, whatever we want to refer to it as, there were ten violations of some sort -- parole violations in that case.

"And this is not the spirit of *Romero*, to strike a strike in this situation. I'm also considering the gravity of this offense, first degree burglary, irrespective of victim's character, and I would suspect he's probably right. It is probably some drug deal gone bad, but it is a first degree burglary. So the *Romero* motion is denied.

"I don't think the spirit of *Romero* warrants striking the strike in this situation with consistent criminality since then. Had he been offense free, had he been employed, turned over a new leaf, you know, been a law-abiding citizen since then, I would have granted his motion, but he hasn't been."

The probation report supports the trial court's characterization of defendant's criminal history. Defendant's criminal record consists of three prior felony convictions: the 1983 robbery with a firearm conviction, a 1997 conviction for receiving stolen property, and a 2005 felony drunk driving conviction. A 1988 first degree burglary offense was overturned on appeal. Defendant also has eight misdemeanor convictions: a 1985 violation of section 242, a 1991 drunk driving conviction, a 1995 violation of section 594, subdivision (a), two 1997 drunk driving convictions, a 2001 drunk driving conviction and violation of Vehicle Code section 14601.2, subdivision (a), and a 2008 violation of section 242. In addition, he had probation violations in 1985, 1988, 1994, 1995 (twice), 2005, 2008 (twice) and parole violations in 1999, 2000, 2001, 2002, 2003, 2008 (four times), 2009, 2010, 2011, 2012 and 2013.

The record shows that the trial court was aware of its discretion and balanced the factors.  It did not abuse its discretion.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                        /S/
                                    MAURO, J.



We concur:



    /S/
BLEASE, Acting P. J.



    /S/
NICHOLSON, J.