Filed 7/20/16  P. v. Perea CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C080321 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F03028) |
| v. | |
| SILVIO REUBEN PEREA, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On May 4, 2014, defendant Silvio Reuben Perea was stopped at a driving under the influence (DUI) checkpoint.  He was driving with a blood-alcohol content (BAC) of 0.23 percent (measured with a blood test) and on a suspended license due to prior DUI convictions.  Defendant entered an "open" plea of no contest to driving with a BAC of

1

0.08 percent or more, a felony (Veh. Code, § 23152, subd. (b); count two), and driving on a suspended license, a misdemeanor (Veh. Code, § 14601.2, subd. (a); count three).  In connection with count two, defendant admitted that he was driving with a BAC of 0.20 percent or more and that he had three prior DUI convictions.  (Veh. Code, § 23152, subd. (b); 2004, 2006, 2008.)  Defendant admitted a strike prior (1986 involuntary manslaughter "with personal infliction of great bodily injury") (Pen. Code, § 667, subds. (b)-(i)) and three prior prison term allegations (Pen. Code, § 667.5, subd. (b)).

After denying defendant's request that the court strike the strike prior, the court sentenced defendant to state prison for an aggregate term of nine years as follows:  count two, the upper term of three years, doubled for the strike prior; one year each for the three prior prison terms; and count three, a concurrent 60-day county jail term.

Defendant appeals.  He did not seek a certificate of probable cause.  (Pen. Code, § 1237.5.)

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

I

We requested supplemental briefing on "whether the term on count three (misdemeanor driving on a suspended license) should be stayed to comply with the plea agreement."[1]  Defendant and the People filed their respective supplemental letter briefs

---

[1] In recounting the plea agreement, the prosecutor stated that "there is no agreement or offer at this time in terms of the number of years" and that defendant's maximum exposure was nine years in state prison.  With respect to count three (misdemeanor driving on a suspended license), the prosecutor stated that the term "would be stayed pursuant to whatever the sentence this Court will administer."  In advising defendant of

and agree that the term on count three should be stayed, not because of a plea agreement, but rather under Penal Code section 654. We agree.

Penal Code section 654, subdivision (a) provides in relevant part as follows: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." The plain language of Penal Code section 654 means that "multiple punishment for a single physical act that violates different provisions of law" is prohibited. (*People v. Jones* (2012) 54 Cal.4th 350, 358 (*Jones*).) Concurrent sentencing is multiple punishment. (*Id.* at p. 353.)

Here, on May 4, 2014, when defendant was stopped at a DUI checkpoint, it was discovered that he was driving with a BAC of 0.23 percent and on a suspended license due to prior DUI convictions. Defendant and the People agree that defendant's crimes of driving with a BAC of 0.08 percent or more (count two) and driving on a suspended license (count three) constituted a single act and occurred simultaneously.

The court sentenced defendant to state prison for an aggregate term of nine years as follows: count two, six years (the upper term of three years, doubled for the strike prior) and three years for the priors (one year each for the three prior prison terms). Rejecting probation's recommendation of a stay on count three based on a "continuous course of criminal conduct" with "a single criminal objective" (Pen. Code, § 654), the trial court imposed a concurrent 60-day jail term. We conclude that the 60-day concurrent jail term for driving on a suspended license, a misdemeanor, (count three) punishes defendant for the same act of driving with a BAC of 0.08 percent or more (count two) and thus violates Penal Code section 654. (*Jones, supra*, 54 Cal.4th at

---

the consequences, the trial court stated, "As to count 3, your maximum exposure, I think that's a misdemeanor, would be one year in the county jail."

3

p. 358.)  Since the sentence for count three was unauthorized, we may correct it on appeal (*People v. Hester* (2000) 22 Cal.4th 290, 295) and will modify the judgment to stay execution of the sentence imposed for count three.

## II

We note errors in preparation of the abstract of judgment.  The abstract erroneously reflects that the strike prior was an enhancement (box 3).  The "Three Strikes" law "articulates an alternative sentencing scheme for the current offense rather than an enhancement."  (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 527; *People v. Sipe* (1995) 36 Cal.App.4th 468, 485.)  The abstract needs to be corrected to delete "PC667(b)-(i)" and the time imposed from box 3 (enhancements).  The box to be checked for the alternative sentencing is box 4 ("Defendant sentenced . . . per PC 667(b)-(i) or PC 1170.12 (strike prior)").  The time imposed for the offense (box 1), needs to be changed to six years because the court imposed the upper term of three years and doubled the term for the strike prior.

Also, the abstract erroneously reflects that the "time imposed" for the prior prison terms (Pen. Code, § 667.5, subd. (b)) was struck ("ps" – punishment struck).  The "ps" needs to be deleted.  The court imposed one year for each of the three prior prison terms for a total of three years for the enhancements.  The enhancement total is three years, not six years.

## DISPOSITION

The judgment is modified to stay execution of the sentence imposed for count three (misdemeanor driving on a suspended license).  The trial court is directed to prepare a corrected abstract of judgment to reflect that for count two, defendant was sentenced to six years (the upper term of three years, doubled for the strike prior), by changing the term to six years for box 1, checking the box in number 4 for the strike prior, deleting all reference to the strike prior in the enhancement box (box 3), deleting "ps" after three years for the prior prison terms, and changing the total for enhancements to three years,

4

rather than six years.  The trial court is directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


                                        /s/

                                        Blease, Acting P. J.


We concur:



/s/

Butz, J.



/s/

Renner, J.

5