Filed 10/5/20  P. v. Floyd CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B306167 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA051229) |
| v. | |
| SYLVESTER FLOYD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura C. Ellison, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Appellant Sylvester Floyd filed a motion in the trial court for modification of his "Three Strikes" sentence based on Penal Code[1] section 1016.8. The court denied the motion, and he appealed. His appellate counsel filed a brief raising no issues on appeal. Floyd then filed a supplemental brief reasserting the arguments he raised in his motion and further arguing that his appellate counsel is constitutionally deficient for failing to raise issues on appeal. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In November 1985, Floyd was convicted by plea of willful cruelty of a child causing great bodily injury. (§§ 273a, former subd. (1), 12022.7.)

In April 1992, Floyd was convicted by plea of arson of an inhabited structure. (§ 451, subd. (b).)

In 1994, the California Legislature and electorate separately enacted the Three Strikes law. (Stats. 1994, ch. 12, pp. 71–75 [amending section 667, effective March 7, 1994]; Prop. 184, as approved by voters, Gen. Elec. (Nov. 8, 1994) [enacting section 1170.12].) The crimes to which Floyd pleaded guilty in 1985 and 1992 qualified as serious or violent felonies, or strikes, under the Three Strikes law. (See §§ 667, subd. (d)(1), 667.5, subd. (c)(8) & (10), 1170.12, subd. (b)(1).)

In 2002, a jury convicted Floyd of being a felon in possession of a firearm (former § 12021, subd. (a)(1)) and found that he had been convicted of two prior convictions that qualified as strikes under the Three Strikes law. The court sentenced him to prison for 25 years to life.

_____

[1] Subsequent statutory references are to the Penal Code.

In October 2003, this court affirmed the judgment, rejecting Floyd's argument that his sentence constituted cruel or unusual punishment. (*People v. Floyd* (Oct. 28, 2003, B166120) [nonpub. opn.].)

In 2018, this court affirmed the trial court's order denying Floyd's petition to be resentenced under the Three Strikes Reform Act of 2012. (*People v. Floyd* (July 16, 2018, B286819) [nonpub. opn.].)

In April 2020, Floyd filed a motion in the trial court for modification of his sentence based on section 1016.8. Floyd argued that his 1985 and 1992 convictions should be vacated because at the time he entered into his plea bargains he could not have known that the Legislature and the electorate would subsequently enact the Three Strikes law and expose him to increased sentences for future crimes. He further argues that, because the prior convictions should be vacated, he should be resentenced for his 2002 conviction without regard to the Three Strikes law.

On May 4, 2020, the trial court summarily denied the motion. Floyd timely appealed.

We appointed counsel for Floyd, who filed a brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496, stating that he reviewed the record and found no arguable issues to raise on appeal. He so informed Floyd, provided Floyd with a copy of the record and his brief, and told Floyd that he had the right to file a supplemental brief. Counsel stated that he remains available to brief any issues upon our request.

Floyd filed a supplemental brief contending: (1) His counsel in this appeal is constitutionally deficient by filing a brief that raises no arguable issues; and (2) He is entitled to the

benefit of section 1016.8 and, on that basis, the court should vacate his plea bargains and resentence him.

## DISCUSSION

Floyd's motion for modification of his sentence was based on section 1016.8. Subdivision (a)(4) of that statute provides: "A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent." (§ 1016.8, subd. (a)(4).) Subdivision (b) states: "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." (§ 1016.8, subd. (b).)

The Legislature enacted section 1016.8 in response to a report that a particular district attorney's office was including a provision in plea agreements whereby the defendant agreed to waive " 'all future potential benefits of any legislative actions or judicial decisions or other changes in the law that may occur after the date of this plea,' " and a statement in a 2019 decision indicating that such a waiver would be enforceable. (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1153, citing Sen. Com. on Public Safety, Analysis of Assem. Bill No. 1618 (2019–2020 Reg. Sess.) July 1, 2019, pp. 6–7.) By enacting section 1016.8, the Legislature "intended to 'make such provisions in a plea bargain void as against public policy.' " (*People v. Barton, supra*, 52 Cal.App.5th at p. 1153.)

Initially, we note that Floyd did not provide the trial court or this court with the terms of his plea bargains and, therefore,

4

we cannot determine whether the agreement includes a waiver that would be void under section 1016.8.  He did provide us with a transcript of the hearing on his 1985 plea, but it does not refer to any type of waiver that would be affected by section 1016.8.

Next, although section 1016.8 applies retroactively to cases not yet final on appeal (*People v. Barton*, *supra*, 52 Cal.App.5th at p. 1153), Floyd's judgment has long been final.  Nothing in section 1016.8 authorizes a collateral attack on a final judgment.

Even if section 1016.8 applies to Floyd's plea agreements, the statutes would not help him because he is not seeking to obtain the *benefit* of changes in any law that postdates his plea bargains.  Rather, he is seeking to avoid the *adverse* effect of a post-plea change in the law, namely, the enactment of the Three Strikes law.  It is well-established that convictions based on guilty pleas that predate enactment of the Three Strikes law can enhance sentences imposed under that law.  (See *People v. Gipson* (2004) 117 Cal.App.4th 1065, 1068–1070; *People v. Sipe* (1995) 36 Cal.App.4th 468, 476–479; see also *Doe v. Harris* (2013) 57 Cal.4th 64, 66 [a plea agreement does not insulate the parties "from changes in the law that the Legislature has intended to apply to them"].)  Nothing in section 1016.8 alters that principle.  Therefore, the court did not err in denying Floyd's motion.

Because Floyd's reliance on section 1016.8 is unavailing and he offered no other basis for relief, his appellate counsel properly declined to assert an argument based upon it, and our review of the record does not disclose any other arguable issues on appeal.  We therefore reject Floyd's contention that he has been deprived of his right to the effective assistance of appellate

5

counsel.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 285–286 [appellate counsel is not deficient for failing to find arguable issues on appeal when defendant fails to establish the existence of an arguable issue].)

We are satisfied that Floyd's counsel has fulfilled his responsibilities (see *People v. Cole* (2020) 52 Cal.App.5th 1023, 1038, petn. for review pending, petn. filed Sept. 4, 2020, S264278) and conclude that the appeal raises no arguable issues.

## DISPOSITION

The trial court's May 4, 2020 order is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


BENDIX, J.


6