Filed 10/30/20  P. v. Welch CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALBERT ALEXANDER WELCH,<br><br>    Defendant and Appellant. | E074740<br><br>(Super.Ct.No. FVA03949)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  J. David Mazurek, Judge.  Affirmed.

Albert Alexander Welch, in pro. per.; Forest M. Wilkerson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

INTRODUCTION

In 1995, defendant and appellant Albert Alexander Welch was charged by information with second degree robbery. (Pen. Code,[1] § 211, count 1.) The information alleged that a principal was armed with a firearm in the commission of the robbery within the meaning of former section 12022, subdivision (a)(1). It also alleged that defendant had two prior strike convictions based on two 1993 convictions for robbery. A jury found him guilty of count 1 and found the firearm allegation true. In a bifurcated hearing, a trial court found the prior strike allegations true. On October 30, 1995, the court sentenced him to 25 years to life on count 1, plus one year on the firearm enhancement.

On January 16, 2020, defendant filed, in propria persona, a "Motion for Modification of Sentence Based on Newly Enacted Penal Code Section 1016.8, Subdivision (a)(4)." The court denied the request.

Defendant filed a timely notice of appeal, in propria persona. We affirm.

PROCEDURAL BACKGROUND

In 1995, the trial court sentenced defendant to 25 years to life on count 1, plus one year on the firearm enhancement. On January 16, 2020, he filed an in propria persona request for modification of his sentence, pursuant to section 1016.8 (Stats. 2019, ch. 586, § 1, eff. Jan. 1, 2020). He based the request on the portion of the new law which provides, "A plea bargain that requires a defendant to generally waive unknown future

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

2

benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent." (§ 1016.8, subd. (a)(4).) He argued that he was entitled to relief because section 1016.8 no longer permitted "harsh punishment" using prior plea bargains. He was not told of the direct consequences of his prior pleas, he did not know of the consequences, and he would not have pled if had known the consequences. He further contended the three strikes law applied retroactively to individuals whose prior plea bargain convictions occurred before the passage of the three strikes law, and those individuals were "effectively precluded from considering these future consequences when weighing the bargain offered." Thus, the pleas were not knowing and intelligent. Defendant asked the court to vacate his prior plea convictions that were used as strikes and resentence him to a base term of five years, plus 10 years for the two prior felony convictions.

The court read and considered defendant's request for modification and denied the request.

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue: whether section 1016.8, subdivision (a)(4), or *Boykin v. Alabama* (1969) 395 U.S. 238 (*Boykin*), invalidate the use of defendant's prior strikes, which were taken before the passage of the three strikes law. Counsel has also requested this court to undertake a review of the entire record.

3

While we understand that the appellate review procedures under *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, in which we review the record ourselves to determine whether there are any arguable issues, generally apply "only to a defendant's first appeal as of right" (*People v. Thurman* (2007) 157 Cal.App.4th 36, 45), we also recognize that we still retain discretion to conduct a *Wende/Anders* review in the interests of justice. (See generally *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 7 ["The court may, of course, find it appropriate to retain the appeal."]; see also *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [when appointed counsel files a *Wende* brief in an appeal from denial of a section 1170.95 petition, appellate court is not required to independently review the entire record, but can do so in the interests of justice].) In this case, we exercise that discretion to conduct an independent review of the record, where counsel has already undertaken to comply with *Wende* requirements, defendant has been afforded an opportunity to file supplemental briefing and has done so, and defendant is serving a life sentence for a non-homicide offense.

Having undertaken an examination of the record, we find no arguable issues.

However, defendant has filed a supplemental brief, and we are required to evaluate his arguments and issue a written opinion that disposes of the trial court's order on the merits. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1040.) He filed a brief, in propria persona, which contains long claims that are unintelligible and unsupported by legal or factual analysis. For example, he claims that "the trial court erred in refusing to consider the said motion to strike the prior conviction(s), by plea to label crime(s)," and that "had

4

the trial court complied with the *Boykin*/*Tahl* case law standards, the trial court compliance with the law would have prohibited and increase status enhancement application or alternative sentencing scheme using only label crime." He further asserts the court "would have determined that the prior plea bargain conviction(s) were unconstitutional, because the plea in those prior case(s) were taken in violation of *Boykin*/*Tahl* case law standards, when the court record failed to establish: (1) Penal Code §1200 the prior or status enhancement was not cited in the allocution pleading; (2) the status character conduct was not articulated orally on the court records under the case law standard <u>Prater</u> at 701; see [Citations]. The allocution arraignment for judgment." He subsequently contends "the judge in accepting the original plea, pleas [*sic*] did not inquire of appellant as to his knowledge and willingness to give up his constitutional right to status increase penalty."

To the extent defendant is possibly claiming he should have been advised, under *Boykin*, *supra*, 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122 (*Tahl*), that he was waiving his constitutional right against having a sentence enhanced because of his pleas, such claim has no merit. Pursuant to *Boykin* and *Tahl*, a court must inform a defendant of three constitutional rights—the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers—and solicit a personal waiver of each, when taking a guilty plea. (*People v. Cross* (2015) 61 Cal.4th 164, 170.) There is no requirement to ask a defendant if he is willing to "give up his constitutional right to status increase penalty," as defendant claims. We further note that the Legislature amended section 667 to add subdivisions (b) through (i) in 1994, effective March 7,

5

1994, and the law permits the use of pre-March 7, 1994 convictions as strikes.  (*People v. Sipe* (1995) 36 Cal.App.4th 468, 475-476.)  Moreover, as the court in *Sipe* explained, "[b]efore March 7, 1994, no sentencing judge knew a felony conviction might be used in the future as a 'strike,' so no judge advised a defendant pleading guilty to a serious or violent felony of that consequence.  [¶]  Future use of a current conviction is not a direct consequence of that conviction, so no such advisement is necessary."  (*Id*. at p. 479.)

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
          J.

We concur:

McKINSTER
     Acting P. J.

RAPHAEL
      J.