Filed 1/27/25  P. v. Bailey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C097933 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-1993-0006228, STK-CR-FE-1993-0006229, SC056097A, SC056098A) |
| v. | |
| ROBIN LYNN BAILEY, | |
| Defendant and Appellant. | |

In 1994, defendant Robin Lynn Bailey was convicted in two separate cases of assault with a firearm, robbery, and other felonies.  In both cases, the court also found true the allegations qualifying Bailey as a habitual offender based on two prior robbery convictions in 1985 and 1989 (Pen. Code, § 667.7).[1]  The court imposed an indeterminate term of life under the habitual offender statute and a combined aggregate determinate sentence of 24 years on the felony offenses in both cases.

---

[1]    Undesignated statutory references are to the Penal Code.

1

In 2022, Bailey filed a motion for resentencing under sections 1172.75 and 1385, which sought to dismiss one of Bailey's two prior robbery convictions supporting the habitual offender finding and strike all enhancements. The trial court granted the motion in part. It struck Bailey's three prison priors, one serious felony enhancement, and reduced the sentence of one enhancement from five years to four. But the court declined to dismiss any of the prior robbery convictions.

Bailey claims the trial court erred by not dismissing either of the prior robbery convictions underlying the habitual offender finding, arguing insufficient evidence supports the trial court's finding that dismissal of a robbery conviction was not in the interests of justice. We conclude the court did not abuse its discretion and will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1993, the People charged Bailey with several felonies in two separate cases. In the first case (assault case), an amended complaint charged Bailey with assault with a firearm (§ 245, subd. (a)(2)) and felon in possession of a firearm (former § 12021, subd. (a)). It also alleged Bailey used a firearm during the assault (§ 12022.5) and personally inflicted great bodily injury (§ 12022.7), and alleged two prior strike convictions and three prior prison term enhancements. (§§ 667, subd. (a), 667.5, subds. (a)-(b).)

In the second case (robbery case), an information charged Bailey with robbery (§ 211), using a firearm during the robbery (§ 12022.5), and with personal infliction of great bodily injury (§ 12022.7). The information also alleged two prior strike convictions and three prior prison term enhancements. (§§ 667, subd. (a), 667.5, subds. (a)-(b).).

The People charged Bailey as a habitual offender in both the assault case and the robbery case, based on two prior robbery convictions suffered by Bailey in 1985 and 1989 (§ 667.7, subd. (a)).

After a consolidated trial, a jury convicted Bailey of assault with a firearm and robbery. The jury also found true the personal firearm use and great bodily injury allegations in the assault case and the personal firearm use allegation in the robbery case.

2

The court had a bifurcated bench trial on Bailey's felon in possession of a firearm count and the alleged enhancements. It found Bailey guilty of being a felon in possession of a firearm and found true all the enhancements. The court also found Bailey was a habitual offender within the meaning of section 667.7, subdivision (a) based on his prior robbery convictions from 1985 and 1989.

The trial court sentenced Bailey to an indeterminate life term as a habitual offender. The court also sentenced Bailey to an aggregate determinate term of 24 years, consisting of 21 years in the robbery case and a consecutive three years in the assault case. Bailey previously appealed and this court affirmed the judgment. (*People v. Bailey* (Apr. 18, 1995, C018042) [nonpub. opn.].)

In 2022, the trial court issued ex parte orders for resentencing under former sections 1171 and 1171.1, indicating the judgments included enhancements under section 667.5, subdivision (b).[2] Bailey subsequently filed a motion for resentencing pursuant to sections 1172.75 and 1385, which sought to have the trial court strike all section 667.5 enhancements and one of the robbery convictions underlying the habitual offender allegation.

Bailey argued the following post-conviction factors weighed in favor of striking one of the robbery convictions: he had no rules violations since 2018, despite committing several rules violations prior to 2018; he had not participated in any violent incidents; he completed numerous self-help and vocational courses; he received numerous work compliments; he received a "low risk" preliminary reclassification score; his age of 61 meant there was a lower risk of violent conduct; he suffered childhood trauma; he was a youthful offender at the time of the 1985 conviction (§ 1016.7, subd.

---

[2]     In 2022, sections 1171 and 1171.1 were renumbered, without substantive change, to 1172.7 and 1172.75 respectively. (Assem. Bill No. 200 (2021-2022 Reg. Sess.); Stats. 2022, ch. 58, §§ 11-12, eff. June 30, 2022.)

(b)); his 1985 conviction was a result of his alcohol problem, which he resolved through treatment programs; the prior convictions were remote, occurring over 30 years before resentencing; he had family support; and had been programming well in custody since 2018.

The prosecution conceded Bailey's section 667.5, subdivision (b) enhancements should be stricken. However, it opposed the motion as to the robbery convictions. The prosecution claimed that despite the presence of mitigating factors, dismissal of one of the habitual offender robbery convictions would endanger public safety. The prosecution argued that the court should not dismiss either of the prior robbery convictions because Bailey committed four separate violent felonies over the course of an eight-year period, including three robberies and one assault with a firearm. It further argued that Bailey failed to comply with the terms of probation and parole and that Bailey's prison disciplinary record showed a sustained pattern of noncompliance for nearly 20 years, including refusal to submit to urinalysis testing, involvement in a group melee, attempted escape, possession of a controlled substance for distribution, and possession of contraband. The prosecution disputed that Bailey was a youthful offender, because he was 31 when he committed the third robbery.[3] The prosecution also noted Bailey only started programming in 2017, despite being in prison since 1994, and that at his most recent parole suitability hearing he was found not to be suitable for parole because he posed a public safety risk.

The court indicated that in resentencing Bailey, it could consider "everything that has occurred since the conviction, but also, things that occurred prior to the conviction to make a determination" whether to strike any enhancements or prior convictions in the interests of justice. The court considered the parties' resentencing briefs, Bailey's central

---

[3]     Bailey was 23 when he committed the first robbery in 1985, and qualified as a youthful offender for that robbery.

file, and Bailey's performance while in prison. It found dismissing the robbery convictions was not in the interests of justice and did not deem Bailey outside the habitual offender sentencing scheme's spirit because Bailey had an extensive criminal history and a "history of noncompliance with regard to his incarceration until 2017." The trial court declined to dismiss any of the prior robbery convictions and imposed an indeterminate life sentence.

The court struck all prior prison term enhancements (§ 667.5, subd. (b)), one serious felony enhancements (§ 667, subd. (a)), one firearm use enhancement (§ 12202.5), and reduced the sentence on one firearm use enhancement from five to four years (§ 12202.5), ultimately reducing Bailey's determinate sentence to 15 years eight months.

DISCUSSION

I

*Resentencing*

Bailey claims the trial court abused its discretion by declining to dismiss one of the two prior robbery convictions because its decision was not supported by substantial evidence. The People argue the trial court did not abuse its discretion. We will affirm.

We review a court's decision not to dismiss a prior conviction under the deferential abuse of discretion standard. (§ 1385, subd. (a); *People v. Williams* (1998) 17 Cal.4th 148, 158 (*Williams*); *People v. Carmony* (2004) 33 Cal.4th 367, 374; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 531 [applying the abuse of discretion standard to the "Three Strikes" law]; compare § 667 with § 667.7.) A court abuses its discretion when it is not aware of its discretion to dismiss, considers impermissible factors, or where the sentencing norm leads, as a matter of law, to a result that is arbitrary, capricious, or patently absurd, given the circumstances of the individual case. (*Carmony*, at p. 378.) " '[W]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law,

5

we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.' " (*Ibid.*) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)

"Section 667.7 creates a self-contained sentencing scheme for habitual violent offenders, mandating a life sentence upon conviction of a felony involving the infliction of, or use of force likely to produce, great bodily injury" if the defendant previously served at least two prison sentences for certain specified violent crimes. (*People v. Jenkins* (1995) 10 Cal.4th 234, 241.) Because section 667.7 is an alternative sentencing scheme for habitual offenders, similar to the Three Strikes law, we review Bailey's claim under the same standard. (*People v. Sipe* (1995) 36 Cal.App.4th 468, 486; *The Assn. of Deputy Dist. Attorneys etc. v. Gascón* (2022) 79 Cal.App.5th 503, 532, review granted Aug. 31, 2022, S275478; compare § 667.7 with § 667.)

Section 1385, subdivision (a) authorizes a trial court to dismiss an action "in furtherance of justice." (*People v. Carmony*, *supra*, 33 Cal.4th at p. 374 [discussing dismissal of prior strike convictions under the Three Strikes law].) When determining whether to strike a prior conviction under the habitual offender law a court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, *supra*, 17 Cal.4th at p. 161 [explaining factors to consider when deciding to strike a prior conviction under the Three Strikes law].)

The parties sentencing briefs discussed the presence of certain enumerated mitigating factors under section 1385, subdivision (c) with respect to the prior robbery convictions. Although the enumerated mitigating factors in section 1385, subdivision (c) are not directly applicable to the court's analysis under section 1385, subdivision (a), the

6

record indicates the court considered the totality of the circumstances when it declined to dismiss one of the prior robbery convictions. (*Williams*, *supra*, 17 Cal.4th at p. 161 [in ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, " 'in furtherance of justice' " pursuant to § 1385, subd. (a), or in reviewing such a ruling, the court in question "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies"].)

Bailey argues "insufficient evidence supported the trial court's finding that it was not in the interest of justice to strike the conviction." Bailey further argues that his robbery convictions are remote and were related to his drug use and childhood trauma, that he had sought treatment for alcohol and drug addiction, that he had family support, and that his age at the time he committed the underlying crimes warrants striking one of the two robbery convictions. The record reflects the court considered the circumstances raised by Bailey in addition to the parties' briefs, Bailey's central file, and Bailey's conduct and performance while in prison in making its sentencing decision.

Although Bailey's robbery convictions are over 30 years old, a " 'prior strike conviction is not considered "remote" for the purposes of mitigation where the defendant has not demonstrated a prolonged period of rehabilitation (a crime free life) in the interim.' " (*People v. Beasley* (2022) 81 Cal.App.5th 495, 501.) Following Bailey's conviction as a habitual offender in 1994, he committed over 30 prison rule violations during a 24-year period. Those violations included involvement in a group melee, an attempted escape, and repeated violations for possession of contraband. The court recognized that since 2018 Bailey "does appear to be on the right track" but also observed his prison violations had been excessively high and Bailey had an "extensive

criminal history."  His conduct demonstrated Bailey did not "add maturity to age" for the majority of the time he was in prison.  (*Williams*, *supra*, 17 Cal.4th at p. 163.)

In declining to dismiss the prior robbery conviction, the court found Bailey had an extensive criminal history and a "history of noncompliance with regard to his incarceration until 2017."  In the decade preceding the underlying cases, Bailey was convicted of 12 crimes and violated parole twice, including four violent felony convictions — three robberies and assault with a firearm.  Bailey's underlying conduct was also violent and substantial and credible evidence supports this finding.  After evaluating and weighing the totality of the circumstances, the court found Bailey was not outside the spirit of the habitual offender sentencing scheme.  On this record, we cannot say the court abused its discretion.

II

*Correction of the Abstract of Judgment*

Although not raised by the parties, our review of the record reveals that the clerk's abstract of judgment does not accurately reflect the oral pronouncement of judgment insofar as it incorrectly states the term of Bailey's determinate sentence, which requires correction.  The court's oral pronouncement of judgment of Bailey's sentence was 15 years eight months.  The sentence reflected in the abstract of judgment is erroneous because it states 16 years eight months.  It appears the clerk mistakenly imposed five years instead of four years on the remaining firearm use enhancement (§ 12202.5).  Where there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls.  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)  Accordingly, we order the abstract of judgment corrected to reflect the court's oral pronouncement of judgment.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.)

8

DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment to match the trial court's oral pronouncement of judgment and forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment is affirmed.


            /s/            
            EARL, P. J.



We concur:



    /s/            
RENNER, J.



    /s/            
KRAUSE, J.

9